IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2012 MAY 29  A 4: 53

U.S. DIST. COURT
DIST. OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* JAMES M. ATKINSON<br><br>Plaintiffs,<br><br>v.<br><br>**RESEARCH ELECTRONICS INTERNATIONAL, LLC**, et al.,<br><br>Defendants. | 11-CV-11458-NMG<br><br>**FILED UNDER SEAL**<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiff James M. Atkinson hereby appeals to the United States Court of Appeals for the First Circuit from the Ex Parte Communications, Biased Actions, Improper Orders, and Improper Dismissal issued by the District Court dismissing Plaintiffs' as a QiTam Realtor case and otherwise obstructing or depriving Plaintiff of his rights, entered in these actions on the 26th day of April, 2012, and the:

  1. Order, Document 7: granting re: Document 6: "United States of America's Notice of Election to Decline Intervention" dated

15      4/25/2012.

16

17   2. On April 26, 2012, the District Court issued an order Document 7:

18      granting re: Document 6: that the above captioned case be dismissed

19      at the request of the government.

20

21   1. It is obvious that the court did not actually prepare the order, and that

22      this order was prepared by the government.

23

24   2. The order references 31 USC 3730(b)(4)(B) which clearly does not

25      permit a case to be dismissed merely because the government decided

26      not to intervene at the time.

27

28   3. The case in question also included claims made outside of the FCA to

29      include:

30         a. 31 U.S.C. §§ 3729–3733

31         b. 18 U.S.C. §§ 1961-1968

32         c. 15 U.S.C. §§ 1-38

33         d. 22 U.S.C. §§ 2778-2780

34         e. 22 CFR §§ 120-130

| | |
|---|---|
| 35 | f.  50 U.S.C. § 2410 |
| 36 | g. 22 U.S.C. § 401 |
| 37 | h. 47 U.S.C. §§ 2.1-1305 |
| 38 | i.  18 U.S.C. § 2512 |
| 39 | j.  19 U.S.C. §§ 1709-3808 |
| 40 | k. 18 U.S.C. § 554 |
| 41 | l.  18 U.S.C. § 371 |
| 42 | m. 18 U.S.C. § 1001 |
| 43 | n. 18 U.S.C. § 1031 |
| 44 | o. 18 U.S.C. § 1341 |
| 45 | p. 18 U.S.C. § 1343 |
| 46 | q. 18 U.S.C. § 1956 |
| 47 | r.  18 U.S.C. § 1510 – 1513 |
| 48 | s.  18 U.S.C. § 962 |
| 49 | |
| 50 | 4. Indeed 31 USC 3730(b)(4)(B) clearly states that the person who is |
| 51 | bringing the case has a right to conduct the action should the |
| 52 | government decline to do so. |
| 53 | "(4) Before the expiration of the 60-day period or any extensions |
| 54 | obtained under paragraph (3), the Government shall— |

(A) proceed with the action, in which case the action shall be conducted by the Government; or
(B) notify the court that it declines to take over the action, <u>**in which case the person bringing the action shall have the right to conduct the action.**</u>"

5. The statute is clear that the **person** bringing the action **has the right** to conduct the action, and the 31 USC 3730(b)(4)(B) is moot as to any restriction of if a *Pro Se* Plaintiff may or may not bring suit.

6. As a private person may bring suit in a civil rights case, and may act as a private attorney general under Section 1983 and 1985, so may a private citizen suit in matters of National Defense, Arms , Smuggling, and Sophisticated Fraud Against the government as on behalf of the government.

7. In truth, the United States of America is indeed prosecuting this case, and their notice of election to decline intervention filed with the court is a fiction upon the court and the case has been moved to other jurisdictions, and is active.

8. The actions by the government are merely to deprive Realtor of his legitimate claim which predates all other claims, and all other actions by the government, and thus to deprive him of his lawful share of the recovery.

9. As it is improper, and a violation of law for this court to order a dismissal of this action based on 31 USC 3730(b)(4)(B), a serious reversible error has been committed by this court.

10. Indeed the QiTam complaint in this case is not merely about False Claims, but also about complex, illegal arm smuggling, RICO violations, national security controls, violations of international treaties and other very grave matters.

11. Additionally, there has been not less then two known, and possibly three prohibited *ex parte* communications between this court and the government in this case, an act which suggests bias on the part of the court, and misconduct on the part of the Government.

12. Further this court automatically ordered extensions, without providing the realtor to question, oppose, or object to same, demonstrating a continued bias against the Realtor Atkinson.

13. Additionally, extensive documentation has been provided to the government in this matter, but not yet filed with this court

14. These document' provide a *prima facia* case that the government has been defrauded and that national security control and international treaties have been subverted.

15. These documents also suggests that the U.S. Government has been malfeasant in the enforcing of international arm controls treaties as well as ITAR regulations.

16. However, this matter is "Diplomatically Awkward" for the United States as the Plaintiff has caught the U.S. State Government *defacto* violating a major international Arm Control treaty.

17. In fact government investigators described the realtors documents as a "treasure trove" this [that] suggests tens of millions and potentially billions of dollars of fraud against the U.S. Government.

18. It is an error by the court to dismiss this case, and such a dismissal is a violation of a rights granted under 31 USC 3730(b)(4)(B).

19. Thus the order dated April 26, 2012 must be reversed.

20. Bias and favoritism has been demonstrated by the District Court towards the Government, by which three orders were issued by the court the day after they were filed with the court, and well before the original documents were in the hands of the Plaintiff, so that the Plaintiff was not permitting the required 14 days to oppose or object to the motions.

21. Indeed such a speedily approval of motions by the issuing of orders for which there is no possible way for the Plaintiff to actually had gotten the documents rendered the motions itself an *ex parte* motion, and the order an *ex parte* order issued in secret, with the Plaintiff not being allowed to be heard, or the be a party to the motions until after they were decided, with

the court not permitting the required due process that is a right of the Realtor.

22. Given the demonstrated bias in this case and in related cases involving Mr. Atkinson, Judge Gorton should have self-recused early in the case. This was an error on the part of the court.

23. As 31 USC 3730(b)(4)(B) states that the Related has a right to conduct the action, and the court has unlawfully subvert this right, it has subverted the Realtors Due Process, and thus the 14th Amendment Rights of the Realtor.

24. This court has violated the civil rights of Due Process of the Realtor, and this is an error by the court, and a Deprivation of a Civil Rights under Color of Authority.

25. This matter should be self-recused from Judge Gorton and assigned to a different District Judge and the case handle *de novo* and Plaintiff be allowed to file an amended complaint.

26. This court has erred, and the remedy to correct this many errors still lies within the District Court level, given the prohibited conduct.

27. It is in the best interest of justice, and diplomacy, and in the best interests of security of the United Stated of America that this matter be allowed to be continued as provided for by law.

28. Plaintiff Appeals that it appears that the District Court has mismanaged, and mishandled this case from short after the time it was filed, onto the current date, and that not justice, but merely the illusions of justice has been done to quietly dispose of the case with as little effort as possible, improperly, while the Government took that information provided by the Realtor and are pursuing the matter in another jurisdiction.

29. Plaintiff Appeals that it appears that the District Court has gravely erred, and the remedy to correct this many errors still lies within the District Court level, given the prohibited conduct.

Respectfully submitted,

Dated: May 24, 2012

_(signature)_

UNITED STATES OF AMERICA, EX REL.
JAMES M. ATKINSON, *pro se*
31R Broadway
Rockport, MA 01966
(978) 546-3803

## CERTIFICATE OF SERVICE

I hereby certify that this document filed though the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) (by way of the clerks terminal on the CM/ECF system as a scanned document) and paper copies by U.S. Mail will be sent to those indicated as non-registered participants this ~~25~~th day of May, 2012.

29th

_(signature)_

UNITED STATES OF AMERICA, *EX REL.*
JAMES M. ATKINSON, *pro se*